Paul N. BRUCE, Plaintiff-Appellant,

v.

CITY OF GAINESVILLE, GEORGIA a duly constituted municipal corporation under the laws of the State of Georgia, Defendant-Appellee.

No. 98-9171.

United States Court of Appeals,

Eleventh Circuit.

May 28, 1999.

Appeal from the United States District Court for the Northern District of Georgia. (No. 2:96-CV-174-WCO), William C. O'Kelley, Judge.

Before BARKETT, Circuit Judge, and KRAVITCH and MAGILL[*], Senior Circuit Judges.

BARKETT, Circuit Judge:

Paul Bruce appeals the district court's grant of attorney's fees in the amount of $7,500 to the City of Gainesville, Georgia ("the City") as the prevailing party in Bruce's suit under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").[1] After summary judgment was entered on its behalf, the City moved for attorney's fees under the fee-shifting provision of the ADA:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs....

42 U.S.C. § 12205.

This Court has not directly addressed the issue of what standard must be applied in assessing attorney's fees under the ADA. The district court applied the test established in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), which construed an almost identical provision under Title VII and which has been adopted by the Seventh and Ninth Circuits for the purposes of deciding

---

[*]Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

[1]In a separate non-published opinion, this court affirmed the district court's order finding against Bruce on the merits of his ADA claim. *See Bruce v. City of Gainesville, Florida,* No. 98-8878, May 27, 1999.

fee disputes under the ADA. *See, e.g., Adkins v. Briggs & Stratton Corporation,* 159 F.3d 306 (7th Cir.1998); *Summers v. A. Teichert & Son, Inc.,* 127 F.3d 1150 (9th Cir.1997).

In *Christiansburg,* the Supreme Court reiterated that, under Title VII, a prevailing plaintiff should ordinarily be awarded attorney's fees in all but special circumstances. However, the Court noted that the equitable considerations supporting this standard for prevailing plaintiff attorney's fees is absent for prevailing defendants,[2] and thus a different standard was needed to be applied for prevailing defendants. The Court stated that Congress wanted to assure that defendants could be protected from burdensome litigation having no legal or factual basis, and held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 418-421, 98 S.Ct. 694. To be deemed "meritless" for purposes of assessing a prevailing defendant's attorney's fees, it is not enough that the plaintiff had ultimately lost his case. The Court cautioned district courts to

> resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been a victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.

*Id.* at 421-22, 98 S.Ct. 694.

We agree with the Seventh and Ninth circuits and find that there are substantial justifications for finding that the reasons for assigning attorney's fees under Title VII apply equally to attorney's fees under the ADA. First, the language of the ADA's fee-shifting provision is substantially the same as the Title VII

---

[2]The Court found two strong equitable considerations favoring an attorney's fee award to a prevailing Title VII plaintiff. First, the plaintiff is "the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority.' " *Christiansburg,* 434 U.S. at 418, 98 S.Ct. 694 (quoting *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)). Second, when a district court awards counsel fees to a prevailing plaintiff, it is awarding against a violator of federal law. *Christiansburg,* 434 U.S. at 418, 98 S.Ct. 694. In addition, legislative debates indicated that Congress included the fee provision in Title VII to make it easier for a plaintiff of limited means to bring meritorious suits. *Id.*

provision involved in *Christiansburg* and the Supreme Court has stated that "fee-shifting statutes' similar language is 'a strong indiction' that they are to be interpreted alike." *Independent Fed'n of Flight Attendants v. Zipes,* 491 U.S. 754, 758 n. 2, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989) (quoting *Hanrahan v. Hampton,* 446 U.S. 754, 758 n. 4, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)).  Second, the ADA's legislative history indicates that Congress intended that the standards set forth in *Christiansburg* would apply to cases brought under the ADA. The House Report cites *Christiansburg* in finding that, "[i]t is intended that the term 'prevailing party' be interpreted consistently with other civil rights laws.  Plaintiffs should not be assessed opponents' attorneys' fees unless a court finds the plaintiff's claim is 'frivolous, unreasonable, or groundless.' "  Staff of House Education and Labor Committee, 101st Congress, Legislative History of Public Law 101-336, the Americans with Disability Act, Committee Print Prepared for the House Education and Labor Committee (Comm. Print 1990).  Finally, we note that *Christiansburg's* rationale applies squarely in ADA cases.  In Title VII cases as well as cases under the ADA, the enforcement of civil rights statutes by plaintiffs as private attorneys general is an important part of the underlying policy behind the law.  Such a policy ensures an incentive for "impecunious" plaintiffs who can ill afford to litigate their claims against defendants with more resources and thus justifies the differential treatment of prevailing plaintiffs and prevailing defendants.  *See Fogerty v. Fantasy Inc.,* 510 U.S. 517, 524, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (declining to apply *Christiansburg* to cases under the Copyright Act because unlike the civil rights context, both the plaintiffs and defendants can " 'run the gamut from corporate behemoths to starving artists' ") (quoting *Cohen v. Virginia Electric & Power Co.,* 617 F.Supp. 619, 622-23 (E.D.Va.1985)).

This Circuit, recognizing that determinations regarding frivolity are to be made on a case-by-case basis, has identified several factors to help inform that determination, among them:  "(1) whether the plaintiff established a prima facie case;  (2) whether the defendant offered to settle;  and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Sullivan v. School Board of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985).  As this Court noted in *Sullivan,* however, "[w]hile these

general guidelines can be discerned from the case law, they are general guidelines only and not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Sullivan,* 773 F.2d at 1189. Thus, we hold that *Christiansburg* applies under the ADA and that the district court was correct in using the *Christiansburg* standard.

Turning to the facts of this case, we find that Bruce's belief that he had been terminated because of his disability to be not unreasonable under the circumstances. Bruce had worked as a laborer in the City's Sanitation Department for more than 10 years and had received several promotions and pay raises before his right hand was crushed by a broken safety cover. After taking medical leave and returning to work, the City told him that there was no work for him to perform and to "turn in [his] uniforms," a turn of phrase commonly used when a worker has been terminated. While he was out, Bruce did not receive what appeared to him to be his normal paycheck or his expected pay increase. However, he was given a job as a groundskeeper at the City cemetery shortly after he filed a complaint with the EEOC alleging disability discrimination arising from his alleged forced retirement.

While Bruce's allegations, taken as a whole, do not provide enough evidence to support denial of the city's summary judgment motion on Bruce's ADA claim, we disagree that Bruce's lawsuit was so factually or legally groundless as to constitute a frivolous lawsuit from the outset. As we have said,

> "[i]n determining whether a suit is frivolous, 'a district court must focus on whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.' "

*Id.* at 1189 (quoting *Jones v. Texas Tech University,* 656 F.2d 1137, 1145 (5th Cir.1981) (holding that unless the district court finds all testimony to be "absolutely incredible, and pure fabrication," its finding of frivolity cannot be sustained)). In this case, we cannot say that Bruce's contentions and testimony at the outset of the case were so lacking in merit that the filing and maintaining of the lawsuit deserved an award of attorney's fees for the defendant. For this reason, we conclude that the district court abused its discretion in concluding

**4**

that, under the *Christiansburg* standard, fees should be assessed against Bruce, and we vacate the district court's grant of attorney's fees to the City.

REVERSED and REMANDED for further proceedings in accordance herewith.

MAGILL, Senior Circuit Judge, dissenting:

I respectfully dissent. I do not quarrel with the majority's conclusion that the test enunciated in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), applies in assessing attorney's fees under the Americans with Disabilities Act (ADA). Rather, my disagreement concerns the majority's application of *Christiansburg,* in light of *Sullivan v. School Board,* 773 F.2d 1182 (11th Cir.1985), to this case.

In *Sullivan,* this Court identified three "general guidelines" for us to consider in making determinations regarding frivolity: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." 773 F.2d at 1189; *see also Turner v. Sungard Bus. Sys., Inc.,* 91 F.3d 1418, 1422 (11th Cir.1996) (noting that courts "must examine" *Sullivan* factors). It is undisputed that the City of Gainesville did not offer to settle and that the district court dismissed the case prior to trial. Given our holding in the companion case, *Bruce v. City of Gainesville,* No. 98-8878, in which we upheld the district court's determination that Bruce failed to make out a prima facie case with respect to any of his four ADA claims, it is clear that each of the three *Sullivan* factors supports an award of attorney's fees in the instant case.

In concluding that *Christiansburg* applies to ADA attorney's fees disputes, the majority adopts *Christiansburg*'s holding that a finding that the plaintiff acted with "subjective bad faith" is not a prerequisite for the district court's finding that his claims are meritless. *Christiansburg,* 434 U.S. at 421, 98 S.Ct. 694; *see ante* at 2716-17. Yet, in concluding that the district court abused its discretion in awarding attorney's fees, the majority cites facts relating only to Bruce's motivation for filing his complaint: the City told him there was no work for him to perform and to turn in his uniforms, which statements Bruce interpreted as a

**5**

termination, and Bruce did not believe that he was receiving his normal paycheck or his expected pay increase while he was out. *See ante* at 2717-18. Neither of these facts goes to whether Bruce's claims against the City were, in fact, frivolous.

In examining the merits of Bruce's four ADA claims against the City, I am convinced that Bruce failed to establish fundamental elements required to make out a prima facie case on each. With respect to the wrongful termination claim, Bruce remained on the City payroll during the relevant time period and could not show that he had been terminated. With respect to the failure-to-accommodate claim, Bruce could not show that the City denied him an available accommodation that comported with his work status certificate. *See Willis v. Conopco, Inc.,* 108 F.3d 282, 283, 286 (11th Cir.1997) (per curiam) (holding plaintiff must identify available accommodation to establish prima facie case on failure-to-accommodate claim under ADA). With respect to the retaliation claim, Bruce could not show that he was subjected to an adverse employment action. *See Standard v. A.B.E.L. Servs., Inc.,* 161 F.3d 1318, 1328 (11th Cir.1998) (holding plaintiff must show he suffered an adverse employment action to establish prima facie case of retaliation under ADA). With respect to the hostile work environment claim, there was no evidence that the alleged harassment affected a term or condition of Bruce's employment, and many of the claims of harassment were wholly unsubstantiated. *See Walton v. Mental Health Ass'n,* 168 F.3d 661, 667 (3d Cir.1999) (holding plaintiff must show harassment was "sufficiently severe or pervasive to alter conditions of [his] employment" to establish prima facie case on hostile work environment claim under ADA); *Haysman v. Food Lion, Inc.,* 893 F.Supp. 1092, 1107 (S.D.Ga.1995) (explaining that harassment must affect term or condition of employment) (citing *Cross v. Alabama,* 49 F.3d 1490, 1504 (11th Cir.1995) (hostile work environment claim under Title VII)). This is not merely a case in which the district court "engage[d] in *post hoc* reasoning by concluding that, because [Bruce] did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg,* 434 U.S. at 421-22, 98 S.Ct. 694. Rather, it is the critical deficiencies of each of Bruce's claims that render them frivolous. *See Turner,* 91 F.3d at 1423 (applying *Sullivan* factors to affirm award of attorney's fees

**6**

against plaintiff where plaintiff did not establish prima facie case and district court dismissed case on summary judgment).

While it is true that the *Sullivan* court cautioned that its factors were "not hard and fast rules" and reiterated that "[d]eterminations regarding frivolity are to be made on a case-by-case basis," it nonetheless recognized that consideration of the factors was "important in determining whether a claim is frivolous." 773 F.2d at 1189. I find nothing in this case to justify our avoiding the conclusion that follows from application of the *Sullivan* factors. In my opinion, in light of Bruce's inability to establish the essential components of any of his claims, Bruce's allegations are " 'so lacking in arguable merit as to be groundless or without foundation.' " *Id.* (quoting *Jones v. Texas Tech Univ.,* 656 F.2d 1137, 1145 (5th Cir.1981)). I would AFFIRM the district court's award of attorney's fees to the City.