[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14591
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-01206-CV-T-23-EAJ

JOHN HODGES,

Plaintiff-Appellant
Cross-Appellee,

versus

PUBLIX SUPER MARKETS, INC.,

Defendant-Appellee
Cross-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(April 7, 2010)

Before HULL, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

John Hodges appeals the district court's entry of judgment on the pleadings for Publix Super Markets, Inc. on his discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a), and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(1)(a). Publix cross-appeals the district court's order denying its motions for attorneys' fees and sanctions under 28 U.S.C. § 1927, 42 U.S.C. § 1988, and Federal Rule of Civil Procedure 11 ("Rule 11").

Hodges originally filed an action in 2008 against Publix, his former employer, for violating the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, by interfering with the lawful exercise of his FMLA rights and by retaliating against him for asserting these rights ("*Hodges I*"). Both parties agreed to the voluntary dismissal with prejudice of this claim. At some point before the dismissal, Hodges received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), allowing him to sue under the ADA. Hodges claims that the letter went directly to him, and that his counsel did not receive the letter for another month. Thereafter, Hodges filed the present action, alleging that Publix violated the ADA and FCRA by terminating him and subsequently refusing to rehire him. Hodges alleged the same facts in both complaints, including Publix's failure to re-hire him. The district court dismissed the present action as barred by res judicata. After Hodges filed the instant appeal, Publix moved for

attorneys' fees and sanctions. The district court denied Publix's motion, and Publix filed the instant cross-appeal. We turn first to Hodges's appeal, and then to Publix's cross-appeal, and affirm on both.

## I. Hodges's Res Judicata Claims

On appeal, Hodges argues that the district court erred in its ruling that the present action was barred by res judicata, a ruling that we review de novo. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citation omitted). The doctrine of res judicata bars not only claims that were actually raised in the prior action, but also "claims that *could have* been raised previously." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (citation omitted) (emphasis added). Claims that "could have been brought are claims *in existence at the time the original complaint is filed*." *In re: Piper Aircraft Corp.*, 244 F.3d 1289, 1298 (11th Cir. 2001) (citation and quotations omitted).

Under the res judicata doctrine, a subsequent action is barred when four requirements are met: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties must be identical in both suits; and (4) the same cause of action must be involved in both cases. *Id*. at 1296. The purpose of the res judicata doctrine is that the "full and fair opportunity to litigate protects a party's adversaries from the expense and vexation

3

attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ragsdale*, 193 F.3d at 1238 (quotation and alteration omitted).

The parties only contest the fourth factor, whether *Hodges I* and the present action involve the same cause of action. The principal test for determining whether the same cause of action is involved is "whether the actions arise out of the same nucleus of operative fact, or are based upon the same factual predicate." *Davila*, 326 F.3d at 1187 (quotation and alteration omitted). A party may not split his causes of action into parts to bring claims based on different legal theories at different times. *See id.* (quotation omitted). In *Davila*, the plaintiff filed a grievance pertaining to termination of his employment, which was denied. *Id.* at 1186. He then filed an EEOC charge alleging violations of the ADA, received a right to sue letter, and sued for breach of contract and ADA violations based on his termination. *Id.* We held that res judicata prevented the plaintiff from raising a claim based on the same operative facts, even though his prior employment claims were disposed of before the EEOC issued a right to sue notice on a different legal theory. *See id.* at 1187–88 (quotation omitted).

The res judicata doctrine may be qualified or even rejected when its application "would contravene an overriding public policy or result in manifest

injustice." *Garner v. Giarrusso*, 571 F.2d 1330, 1336 (5th Cir. 1978) (citation omitted).[1] However, a "party cannot escape . . . res judicata by asserting its own failure to raise matters clearly within the scope of a prior proceeding." *Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 710 (1982).

Hodges contends that his ADA and FMLA claims do not arise out of the same nucleus of operative fact, arguing that: (1) *Hodges I* challenged only his termination, but the present action challenges only Publix's failure to rehire him; (2) his failure to be rehired was not an essential fact to the FMLA claim in *Hodges I*, and was instead included to tell his complete story, provide background, and offer mitigation evidence; and (3) because he has yet to adjudicate either action on the merits, his claims fall outside res judicata's policy to prevent "endless litigation," and the district court should have permitted the claim to proceed under the manifest injustice exception.

Hodges argues that *In re: Piper Aircraft Corporation* is analogous to his case. There, a creditor and another party entered into a cooperation agreement to purchase the assets of a debtor in bankruptcy. 244 F.3d at 1292. After the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

bankruptcy court rejected their proposed reorganization plan, the creditor aligned itself with a new partner. *Id.* The aggrieved party then filed suit in state court alleging breach of the cooperation agreement and seeking a constructive trust. *Id.* at 1293. We found that res judicata did not bar the suit because the facts underlying the second claim were not in existence at the time the first case began and were never actually raised as the case unfolded. *Id.* at 1299. Alternatively, we found that the second claim could not have been brought in the first action because there was no adequate procedural vehicle through which the claim could be raised. *See id.* at 1303–04.

However, *In re: Piper Aircraft Corporation* is distinguishable from Hodges's case, as the facts alleged in the present case were in existence at the time he filed *Hodges I*. Even further, he actually alleged the same set of facts in *Hodges I* and the present action. In both complaints, Hodges alleged that he suffered two seizures while at work, that Publix refused to reinstate him upon his return from his second seizure, and that although he applied for "several jobs as a bagger at other Publix locations, . . . he was never offered a position." Hodges provides no reason why his FMLA, ADA, and FCRA claims could not, as a procedural matter, have been raised in his first lawsuit. Hodges could have waited to file his lawsuit until he received his right to sue letter or he could have later amended his complaint

6

before dismissal. Hodges also does not provide support for his proposition that the overlapping facts in his two actions should be deemed material to the ADA claim, but not to his FMLA claim.[2]

His argument that he should receive a manifest injustice exception is also without merit. Accordingly, we hold that Hodges could have raised his ADA and FCRA claims in *Hodges I*, and therefore the district court did not err in dismissing the present action as barred by the doctrine of res judicata.

## II. Publix's Motions for Sanctions and Attorneys' Fees

On cross-appeal, Publix argues that it was entitled to attorneys' fees for the claims that were properly dismissed on its motion for judgment on the pleadings. Publix asserts that, under *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), it is entitled to attorneys' fees. It contends that Hodges's claims were frivolous because the district court dismissed them before trial, and Publix itself treated the case as baseless. Publix also argues that Rule 11 required an award of fees because Hodges failed to recognize that res judicata barred his action, even though "the most minimal inquiry" would have made that fact apparent. Finally, Publix asserts that, because Hodges recklessly pursued a frivolous claim, it was

---

[2] Hodges states that he did not believe that Publix's failure to re-hire him resulted from his assertion of rights under FMLA. However, his ADA and FMLA complaints allege Publix's failure to re-hire him, and incorporate this fact into each claim.

entitled to attorneys' fees under 28 U.S.C. § 1927 even absent a finding that Hodges acted in bad faith.

We review a district court's rulings on the award of attorneys' fees under 28 U.S.C. § 1297 and *Christiansburg*, and the imposition of Rule 11 sanctions, for abuse of discretion. *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001) (citation omitted); *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (citation omitted); *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 952 (11th Cir. 1999).

When a prevailing party in an ADA case seeks attorneys' fees, the court should analyze the request according to the *Christiansburg* standard, as it would a similar request in a Title VII case. *Bruce*, 177 F.3d at 951. Under this standard, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co.*, 434 U.S. at 421. However, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421–22.

A claim for sanctions under 28 U.S.C. § 1927 involves, in part, two essential requirements: (1) "the attorney must engage in unreasonable and vexatious conduct;" and (2) the conduct must multiply the proceedings. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). "[A]n attorney multiplies proceedings 'unreasonably and vexatiously' . . . only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Id.* (citation omitted). Bad faith, in turn, is measured objectively, and exists "where an attorney knowingly or *recklessly* pursues a frivolous claim." *Id.* at 1241 (quotation and citation omitted).

Rule 11 sanctions are proper when a party files a pleading (1) "that has no reasonable factual basis;" (2) "that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law;" or (3) "in bad faith for an improper purpose." *McGreal*, 87 F.3d at 1254 (citation omitted). A court confronted with a motion for Rule 11 sanctions must first determine whether the claims raised are objectively frivolous and, if so, whether the signer of the pleadings should have been aware of their frivolous nature. *Id.* (citation omitted). Even if the attorney had a good faith belief that the claims were sound, sanctions must be imposed if the attorney failed to make a reasonable inquiry. *Id.* (citation omitted). A party may be sanctioned for filing

9

claims barred under res judicata. *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989). However, such sanctions are not required: a party is only to be sanctioned if it was unreasonable to bring an action at the time of filing, not merely because its view of the law turned out to be incorrect. *See id.*

Although Hodges ultimately lost on his argument that res judicata should not apply, this does not necessarily render his argument frivolous, unreasonable, or without foundation. Hodges made a reasonable argument that *Hodges I* challenged only Hodges's termination and the present action challenges only Publix's failure to rehire him, and that therefore the two actions did not arise out of a common nucleus of operative fact. Because Hodges raised a cognizable argument against the application of res judicata, he did not recklessly pursue a frivolous claim under § 1927. Similarly, Publix did not demonstrate, for Rule 11 purposes, that Hodges acted with bad faith for an improper motive. Accordingly, we hold that the district court did not abuse its discretion in denying Publix's motions for attorneys' fees and sanctions.

**AFFIRMED.**