United States Court of Appeals,

Eleventh Circuit.

No. 95-6503.

Archie R. TURNER, Plaintiff-Appellant,

v.

SUNGARD BUSINESS SYSTEMS, INC., a Delaware Corporation, Defendant-Appellee.

Aug. 15, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV 93-N-2560-S), Edwin L. Nelson, Judge.

Before EDMONDSON and DUBINA, Circuit Judges, and FARRIS[*], Senior Circuit Judge.

EDMONDSON, Circuit Judge:

This appeal concerns a trial court's ability to impose attorney's fees and monetary sanctions on a party and his counsel for continuing to prosecute a frivolous action. Plaintiff and his attorney appeal the district court's order (1) imposing sanctions on Plaintiff's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 and (2) awarding attorney's fees against Plaintiff pursuant to 42 U.S.C. § 1988 and the principles established in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Because the district court did not abuse its discretion, we affirm.

I. *Background*

In December 1993, Plaintiff Archie Turner sued Defendant Sungard Business Systems, Inc. ("Sungard") for race discrimination under Title VII of the Civil Rights Act of 1964. Turner alleged

[*]Honorable Jerome Farris, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

that Sungard passed him over for a promotion and filled the vacant position with a white employee.  Richard Meelheim initially represented Turner in this matter.

On 22 March 1994, the court granted Meelheim's motion to withdraw.  The district court later found that Meelheim withdrew from the case "after plaintiff informed him that, regardless of his advice, the plaintiff desired to pursue the matter through other representation."

Henry Penick filed a notice of appearance for Turner on 28 December 1994.  The district court held a pretrial conference on 27 January 1995.  Sungard moved for summary judgment the same day.  At the pretrial conference, Penick told the court that he had evidence to support Plaintiff's claim that the job at issue had been filled by a white employee.  On 17 February 1995, Sungard filed a supplemental motion for summary judgment.[1]  Plaintiff neither responded to Sungard's motion for summary judgment nor appeared at oral argument.  On 27 March 1995, the district court granted Sungard's summary judgment motion on the grounds that Turner had made out no prima facie case of race discrimination, finding that the position sought by Turner was doubtlessly still vacant.

Sungard then moved for sanctions.  The district court issued a show cause order to Turner, Meelheim and Penick.  Only Meelheim filed a response to the show cause order.  Meelheim indicated that he filed the action after conversations with Turner and another

---

[1]At the pretrial conference, Penick said that he wished to depose Edwina Zales, Vice President of Human Resources for Sungard.  Sungard, in turn, indicated that it wished to depose Turner.  Penick completed Zales' deposition on 9 February 1995.

former employee of Sungard had convinced him that there was evidence to form a reasonable belief that a white male had effectively received a promotion that was denied to Turner.

The district court heard the matter of fees and sanctions on 28 April 1995. Because Meelheim made some investigation of Turner's claim and withdrew when he learned Turner's claim was meritless, the district court imposed no sanctions against him. The district court issued an order awarding $10,000.00 against Turner representing reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and $6,255.00 against Penick as a sanction for prosecuting Turner's frivolous action. Turner and Penick appeal.

## II. *Discussion*

### A. *Sanctions Imposed on Counsel*

We review the district court's imposition of sanctions pursuant to Rule 11 for an abuse of discretion. *See Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir.1987) (en banc). Penick's and Turner's ("Appellants") argument on the Rule 11 sanction is two-fold. First, Appellants argue that Penick has signed no document, such as a pleading or motion, sufficient to trigger Rule 11.[2] Second, Appellants argue that because the district court

---

[2]Rule 11(b)(3) provides, in pertinent part:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ...

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable

failed to sanction Meelheim for filing Plaintiff's complaint, Plaintiff's substitute counsel, Penick, cannot be sanctioned. Both of these contentions are mistaken.[3]

Appellants argue that the only paper that Penick signed and submitted to the court was a notice of appearance.[4] Appellants argue that Penick's signing of the notice of appearance cannot subject him to sanctions under Rule 11.

This argument ignores the plain language of Rule 11, which merely requires "papers" to be "present[ed]" to the court. Further, it is well established that Rule 11 applies to all papers filed in a suit. *See, e.g., Thomas v. Capital Security Servs., Inc.,* 836 F.2d 866, 870, 873 (5th Cir.1988) (en banc). The district court found that "from the moment he appeared on the plaintiff's behalf, he [Penick] had actual knowledge that there was no merit to the plaintiff's assertions, or, at the very least, he consciously decided not to inquire of the merits." That the only "paper" Penick signed and submitted to the court in prosecuting Plaintiff's claim was the notice of appearance is unimportant. By appearing in this case, Penick affirmed to the court that the case

---

opportunity for further investigation or discovery.

[3]Appellants also argue that it was error to sanction Penick pursuant to Rule 11 because Sungard failed to comply with the safe harbor provisions of Rule 11(c)(1) by serving the motion for sanctions only one day before filing it with the court instead of the 21 days required. Because Penick was sanctioned pursuant to a show cause order issued by the district court, this procedural argument is without merit. *See* Fed.R.Civ.P. 11(c)(1)(B).

[4]Sungard states that Penick also signed and filed pre-trial conference documents. The district court does not appear, however, to have relied on such documents in sanctioning Penick under Rule 11.

had arguable merit.  In this sense, it was as if Penick had refiled the complaint.  To use Rule 11's words, he was "later advocating" that the "factual contentions [in the complaint] have evidentiary support."

Appellants' citation of *Bakker v. Grutman,* 942 F.2d 236 (4th Cir.1991), is unpersuasive.  In *Bakker,* the Fourth Circuit determined that the district court did not abuse its discretion in refusing to impose Rule 11 sanctions on substitute counsel whose only role in the case had been to move for a protective order extending the time to respond to discovery requests (to which opposing counsel consented), to produce documents in response to the request and then to file a voluntary dismissal, with prejudice, of her client's claims.  Penick did more wrong and less right than did counsel in *Bakker.*  Moreover, district courts do have broad discretion about sanctions.

Appellants stress the view that it was an abuse of discretion for the district court to issue sanctions against Penick when the court did not impose sanctions against Meelheim, who signed and submitted the complaint.  In essence, Appellants argue that because the complaint was not sufficiently frivolous to subject Meelheim to sanctions, Penick cannot be subject to sanctions when the only document he filed is a notice of appearance.  Appellants' view of the scope of counsel's duty under Rule 11 is far too limited.

Rule 11 was amended effective 1 December 1993.  The 1993 amendment makes clear the continuing nature of a litigant's responsibility under Rule 11.  Under the 1993 amendment:

> It [Rule 11] also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon

a position after it is no longer tenable....

. . . . .

> [A] litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit. For example, an attorney who during a pretrial conference insists on a claim or defense should be viewed as "presenting to the court" that contention and would be subject to the obligations of subdivision (b) measured as of that time.

Fed.R.Civ.P. 11 advisory committee's note.

The district court found that (1) Penick knew from the moment he began representing Plaintiff that his claim was meritless, (2) at the pretrial conference, Penick represented that he had evidence to support Plaintiff's claim that the job at issue had been filled though no such evidence was ever presented to the court, and (3) after taking Zales' deposition, Penick had to know that the case was without a factual basis but failed to dismiss it, thereby forcing Sungard (and the court) to expend time and money on a summary judgment motion. That the contentions contained in the complaint were not frivolous at the time it was filed does not prevent the district court from sanctioning Penick for his continued advocacy of them after it should have been clear that those contentions were no longer tenable. An ample basis exists for the district court's imposition of Rule 11 sanctions.[5]

B. *Award of Attorney's Fees*

Appellants argue that the district court's award of

---

[5]Because the district court did not abuse its discretion in sanctioning Penick under Rule 11, we do not reach the issue of whether the district court abused its discretion in finding Penick's conduct sanctionable pursuant to 28 U.S.C. § 1927.

attorney's fees violates the Supreme Court's mandate of *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Under *Christiansburg,* a district court may award attorney's fees to a prevailing defendant in a Title VII case "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 420-22, 98 S.Ct. at 700.

In determining whether to assess attorney's fees, the district court must examine (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985). [6] We review the district court's findings to determine whether it abused its discretion. *Id.* at 1188.

Appellants offer two arguments that the district court abused its discretion in awarding attorney's fees. First, Appellants argue that because the district court failed to sanction Plaintiff's initial counsel, the complaint must not have been frivolous and, therefore, Plaintiff's action could not be frivolous, unreasonable or without foundation as required by *Christiansburg.* Second, Appellants argue that the district court

---

[6]A finding of actual bad faith constitutes a basis for an attorney's fees award regardless of the *Sullivan* factors. *See Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 422-24, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978) ("needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith,* there will be an even stronger basis for charging him with the attorney's fees incurred by the defense") (emphasis in original).

failed to consider properly the *Sullivan* factors listed above before imposing attorney's fees and that under such a test, Plaintiff's action was not frivolous or groundless. Neither contention is correct.

Appellants' argument about the implications of the district court's failure to sanction Meelheim is based on an overly narrow view of the Plaintiff's responsibilities under Title VII and *Christiansburg.* As Appellants point out in their brief, in *Christiansburg,* the Supreme Court indicated that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, *or that the plaintiff continued to litigate after it clearly became so.*" 434 U.S. at 422, 98 S.Ct. at 701 (emphasis added). Appellants have cited no case which limits a litigant's duty under *Christiansburg* to the time of filing the complaint, and we have never so held. In the present action, the district court found that "[t]he plaintiff knew his claim was frivolous, at the latest, at some point between January 17, 1994 and March 18, 1994, when such was communicated to him by his attorney Mr. Meelheim." That Turner may have had a reasonable basis for believing that he had been denied a promotion based on his race when the complaint was filed is insufficient under *Christiansburg.*

Appellants dispute the district court's finding of actual bad faith on Plaintiff's part and also say, citing a series of recent Title VII attorney's fee cases from this circuit, that the district court erred in failing to apply the factors we set out in *Sullivan.* Appellants claim, in essence, that the district court assessed

attorney's fees simply because Sungard prevailed in the underlying litigation.  Appellants—as evidence that Plaintiff's claim was not frivolous—stress the fact that Sungard offered to settle the matter before the hearing on the summary judgment motion.[7]

Regardless of actual bad faith on Plaintiff's part, an examination of the *Sullivan* factors indicates that the district court's decision to award attorney's fees does not constitute an abuse of discretion.  The district court dismissed Plaintiff's case on summary judgment and, in so doing, concluded that Plaintiff had failed to establish a prima facie case of discrimination.  As Appellants have acknowledged, Plaintiff failed to oppose Sungard's motion for summary judgment precisely because they had no basis for doing so, that is, because Plaintiff's claim was not "meritorious enough to receive careful attention and review."  *Walker v. NationsBank of Florida,* 53 F.3d 1548, 1559 (11th Cir.1995).

The cases cited by Appellants bear little resemblance to the present case and do not dictate a different result.  *See id.* (attorney's fee award improper where defendant's two summary judgment awards were denied and plaintiff established prima facie case at trial); *EEOC v. Reichhold Chemicals, Inc.,* 988 F.2d 1564, 1572 (11th Cir.1993) (attorney's fee award improper where EEOC established prima facie case); *Moulds v. Wal-Mart Stores, Inc.,* 935 F.2d 252, 257 (11th Cir.1991) (appeal of trial court's dismissal of claims was not frivolous to warrant attorney's fees);

---

[7]Sungard disputes Appellants' characterization of the settlement offer, claiming that this offer was "nominal" and sought to dispose of not only the instant case, but two other EEOC charges against Sungard by Turner.

*Busby v. City of Orlando,* 931 F.2d 764, 787 (11th Cir.1991) (attorney's fees award improper where relevant legal issue in underlying action was sufficiently close that "one judge on this panel disagrees over the disposition").

The district court's imposition of sanctions on Plaintiff's counsel under Rule 11 and its award of attorney's fees against Plaintiff pursuant to 28 U.S.C. § 1988 for their respective roles in continuing to prosecute an action after it became clear that Plaintiff's claim had no basis in fact was no abuse of discretion.[8]

AFFIRMED.

---

[8]Appellants also challenge as error the amount ($10,000) of attorney's fees awarded.  The district court held as follows: "The court has no reason to question these sums as they have not been contested and because they are reasonable in light of the present circumstances."  Not only do Appellants challenge this amount for the first time on appeal, but they also fail to point to evidence that would show that the amount is unreasonable under the circumstances.  So, we do not conclude that the amount of attorney's fees awarded constituted error.