MAGILL, Senior Circuit Judge,
dissenting:
I respectfully dissent. I do not quarrel with the majority’s conclusion that the test enunciated in Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), applies in assessing attorney’s fees under the Americans with Disabilities Act (ADA). Rather, my disagreement concerns the majority’s application of Christiansburg, in light of Sullivan v. School Board, 773 F.2d 1182 (11th Cir.1985), to this case.
In Sullivan, this Court identified three “general guidelines” for us to consider in making determinations regarding frivolity: “(1) whether the plaintiff established a pri-ma facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.” 773 F.2d at 1189; see also Turner v. Sungard Bus. Sys., Inc., 91 F.3d 1418, 1422 (11th Cir.1996) (noting that courts “must examine” Sullivan factors). It is undisputed that the City of Gainesville did not offer to settle and that the district court dismissed the case prior to trial. Given our holding in the companion case, Bruce v. City of Gainesville, No. 98-8878, in which we upheld the district court’s determination that Bruce failed to make out a prima facie case with respect to any of his four ADA claims, it is clear that each of the three Sullivan factors supports an award of attorney’s fees in the instant case.
In concluding that Christiansburg applies to ADA attorney’s fees disputes, the majority adopts Christiansburg’s holding that a finding that the plaintiff acted with “subjective bad faith” is not a prerequisite for the district court’s finding that his claims are meritless. Christiansburg, 434 U.S. at 421, 98 S.Ct. 694; see ante at 951. Yet, in concluding that the district court abused its discretion in awarding attorney’s fees, the majority cites facts relating only to Bruce’s motivation for filing his complaint: the City told him there was no work for him to perform and to turn in his uniforms, which statements Bruce interpreted as a termination, and Bruce did not believe that he was receiving his normal paycheck or his expected pay increase while he was out. See ante at 952. Neither of these facts goes to whether Bruce’s claims against the City were, in fact, frivolous.
In examining the merits of Bruce’s four ADA claims against the City, I am convinced that Bruce failed to establish fundamental elements required to make out a prima facie case on each. With respect to the wrongful termination claim, Bruce remained on the City payroll during the relevant time period and 'could not show that he had been terminated. With respect to the failure-to-accommodate claim, Bruce could not show that the City denied him an available accommodation that comported with his work status certificate. See Willis v. Conopco, Inc., 108 F.3d 282, 283, 286 (11th Cir.1997) (per curiam) (holding plaintiff must identify available accommodation to establish prima facie case on failure-to-accommodate claim under ADA). With respect to the retaliation claim, Bruce could not show that he was subjected to an adverse employment action. See Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1328 (11th Cir.1998) (holding plaintiff must show he suffered an adverse employment action to establish prima facie case of retaliation under ADA). With respect to the hostile work environment claim, there was no evidence that the alleged harassment affected a term or condition of Bruce’s employment, and many of the claims of harassment were wholly unsubstantiated. See Walton v. Mental Health Ass’n, 168 F.3d 661, 667 (3d Cir.1999) (holding plaintiff must show harassment was “sufficiently severe or pervasive to alter conditions of [his] employment” to establish prima facie case on hostile work environment claim under ADA); Haysman v. Food Lion, Inc., 893 F.Supp. 1092, *954 1107 (S.D.Ga.1995) (explaining that harassment must affect term or condition of employment) (citing Cross v. Alabama, 49 F.3d 1490, 1504 (11th Cir.1995) (hostile work environment claim under Title VII)). This is not merely a case in which the district court “engage[d] in post hoc reasoning by concluding that, because [Bruce] did not ultimately prevail, his action must have been unreasonable or without foundation.” Christiansburg, 434 U.S. at 421-22, 98 S.Ct. 694. Rather, it is the critical deficiencies of each of Bruce’s claims that render them frivolous. See Turner, 91 F.3d at 1423 (applying Sullivan factors to affirm award of attorney’s fees against plaintiff where plaintiff did not establish prima facie case and district court dismissed case on summary judgment).
While it is true that the Sullivan court cautioned that its factors were “not hard and fast rules” and reiterated that “[determinations regarding frivolity are to be made on a case-by-case basis,” it nonetheless recognized that consideration of the factors was “important in determining whether a claim is frivolous.” 773 F.2d at 1189. I find nothing in this case to justify our avoiding the conclusion that follows from application of the Sullivan factors. In my opinion, in light of Bruce’s inability to establish the essential components of any of his claims, Bruce’s allegations are “‘so lacking in arguable merit as to be groundless or without foundation.’ ” Id. (quoting Jones v. Texas Tech Univ., 656 F.2d 1137, 1145 (5th Cir.1981)). I would AFFIRM the district court’s award of attorney’s fees to the City.