[PUBLISH]

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 04, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-12495
_____

D.C. Docket No. 97-01192-CV-BH-S

MOLLIE BONNER,
SARA J. DOUGLAS,

                                           Plaintiffs-Appellants,

  versus

MOBILE ENERGY SERVICES COMPANY,
L.L.C., an affiliate of the Southern Company,
SOUTHERN ENERGY, INC. - MOBILE ENERGY
SERVICES COMPANY, SOUTHERN ENERGY
RESOURCES, INC.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(April 4, 2001)**

Before TJOFLAT, BARKETT and POLITZ[*], Circuit Judges.

_____

[*]Honorable Henry A. Politz, U. S. Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

Mollie Bonner and Sara J. Douglas appeal the adverse award of attorney's fees in their failed Title VII discrimination action. Our review of the record persuades that a reversal is in order.

Bonner and Douglas originally sued alleging claims under Title VII of the Civil Rights Act of 1964,[1] the Age Discrimination in Employment Act,[2] and the Employee Retirement Income Security Act.[3] The facts of this litigation are set forth in great detail in the trial court's March 31, 1999, opinion granting summary judgment on all claims to the defendants. They need not be here repeated. After entry of said judgment the appellees petitioned for attorney's fees and expenses. The trial court granted same but only with respect to the Title VII claims.[4] Bonner and Douglas timely appealed. We review for abuse of discretion.[5]

A district court may award attorney's fees to the prevailing Title VII

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 29 U.S.C. § 621 *et seq.*

[3] 29 U.S.C. § 1001 *et seq.*

[4] Appellees claimed attorney's fees and expenses totaling $72,602.54 for the defense of all three federal claims. The trial court denied the motion as to the failed ADEA and ERISA claims, but subsequently awarded Appellees $71,833.04, nearly 99% of the total amount claimed, as reasonable fees and expenses for the Title VII claims. Our ruling obviates the necessity to address that anomaly.

[5] Turner v. Sungard Business Systems, Inc., 91 F.3d 1418 (11th Cir. 1996).

defendant when it determines that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith,"[6] a standard the Supreme Court has described as "stringent."[7] In deciding whether an action is so lacking in merit as to justify awarding attorney's fees to the prevailing defendant, the trial court is to consider the denominated Sullivan factors, *i.e.*, whether (1) the plaintiff established a prima facie case; (2) the defendant offered to settle; and (3) the trial court dismissed the case prior to trial.[8]

In its opinion granting fees on the Title VII claim the trial court noted the prescribed Sullivan analysis, but apparently then unduly relied upon our comment therein that "[c]ases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment . . . [where] the plaintiffs did not introduce any evidence to support their claims."[9] The trial court found that Bonner and Douglas had abandoned their claim of racial

---

[6] Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978).

[7] Hughes v. Rowe, 449 U.S. 5 (1980)(adopting the same "stringent standard" used in Title VII cases to determine when an award of attorney's fees is appropriate in cases brought under 42 U.S.C. § 1983).

[8] Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182 (11th Cir. 1985).

[9] Sullivan, 773 F.2d at 1189. We previously have determined that deciding when attorney's fees are appropriate must be done on a case-by-case basis, and the Sullivan factors are only general factors to guide the inquiry. See Walker v. Nationsbank of Florida, N.A., 53 F.3d 1548, 1559 (11th Cir. 1995); see also Sullivan, 773 F.2d at 1189 ("these . . . are general guidelines only, not hard and fast rules."). Sullivan does not create a bright line checklist nor does it permit of a mechanical application.

3

discrimination when opposing summary judgment, and had adduced no admissible evidence in support of their claim of gender discrimination. The court reasoned that this lack of admissible evidence should have been apparent to Bonner and Douglas, but nonetheless they apparently wrongfully continued to maintain their gender discrimination claim.

The record fully supports the trial court's grant of summary judgment to the defendants. We are not convinced, however, that the action was so "patently devoid of merit as to be frivolous."[10] The evidence adduced by Bonner and Douglas was markedly weak, but the district court assumed that they had established their *prima facie* case.[11] Of particular note, Bonner and Douglas submitted as evidence a neutral arbitrator's report on their termination concluding that Mobile Energy Services Company did not act with just cause when it discharged them. This report does not suggest that Douglas and Bonner were discharged based upon their gender, but it does establish at least the foundation of a claim that MESC acted out of ulterior motives. We must also note that prior to declaring bankruptcy MESC offered Bonner and Douglas $125,000 to settle their

---

[10] Sullivan, 773 F.2d at 1189.

[11] The district court assumed, without deciding, that the plaintiffs established a *prima facie* case on each of their claims, choosing to focus its decision on their failure to show the asserted reasons for their termination were pretextual.

4

claims, including those arising from the arbitrator's decision. Taken together, we cannot say that Bonner and Douglas were actionably frivolous or unreasonable in maintaining their gender discrimination claim through the summary judgment stage. Care must be taken to remain sensitive to the policy considerations militating against imposing fees on unsuccessful plaintiffs in discrimination claims which might "discourage all but the most airtight claims" and "undercut the efforts of Congress to promote the vigorous enforcement provisions of Title VII."[12] Accordingly, we must conclude that awarding the defendants attorney's fees herein was an abuse of discretion, and the action of the court in doing so is REVERSED.

---

[12] <u>Christiansburg</u>, 434 U.S. at 421-22.