MEMORANDUM **
Murphy appeals the Bankruptcy Appellate Panel order affirming the bankruptcy court’s decision to impose sanctions under Fed. R. Bankr.P. 9011. We independently review the bankruptcy court’s decision. Atlanta Corp. v. Allen (In re Allen), 300 F.3d 1055, 1058 (9th Cir.2002). We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.
1. The bankruptcy court had jurisdiction to consider sanctions after the dismissal of the underlying bankruptcy petition. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393—396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (court retains jurisdiction to consider ancillary matters, such as sanctions, after the underlying case has been finalized); see also Pavelich v. McCormick (In re Pavelich), 229 B.R. 777, 781 (9th Cir.BAP1999).
2. The sanction award did not violate the “safe harbor” provision of Fed. R. Bankr.P. 9011, because that provision does not apply to sanctions imposed on account of an improperly filed bankruptcy petition.
3. The bankruptcy court did not abuse its discretion in determining that sanctions were appropriate. Cooter & Gell, 496 U.S. at 405, 110 S.Ct. 2447 (decision to impose sanctions reviewed for abuse of discretion). A district court has the discretion to sanction an attorney for filing a Chapter 11 bankruptcy petition which is frivolous and/or filed for an improper purpose. Marsch v. Marsch (In re Marsch), 36 F.3d 825, 830 (9th Cir.1994). Frivolousness and improper purpose are evaluated on a sliding scale, “where the more compelling the showing as to one element, the less decisive need be the showing as to the other.” Id.
The facts of this case establish a “robust showing of improper purpose.” Id. at 831. Murphy’s failure to follow-up on his bankruptcy filing by providing the bankruptcy court with statutorily required information necessary to pursue Chapter 11 reorganization, coupled with the timing of the petition (the Friday before a Monday state court action), establishes that the petition was filed solely for purposes of delay and harassment, rather than any genuine intent to utilize the substantive protections of the Bankruptcy Code. As the bankruptcy court noted, the failure to file the sched *348 ules was not simply a matter of missing a deadline:
[Murphy] did not file a motion seeking to extend the time to file the schedules, and indeed, after the case was dismissed, did not file a motion asking the Court to reinstate the case because it was a horrible mistake that the Debtor did not file schedules within 15 days. From that, the Court infers that the Debtor did not intend to proceed with the case. That is the evidence I have. In fact the only evidence.
The bankruptcy court’s conclusion is reinforced by Murphy’s pervasive pattern of vexatious litigation tactics, such as his failure to alert the bankruptcy court or Amusement Industries, Inc. of his pending removal petition during the bankruptcy court’s hearing on Amusement’s motion for relief from the automatic stay of 11 U.S.C. § 362. Although post-filing misconduct cannot itself be sanctioned under Rule 9011, Christian v. Mattel, Inc., 286 F.3d 1118, 1130 (9th Cir.2002), Murphy’s pattern of abusive behavior supports the inference that the bankruptcy petition, when filed, was filed with an improper purpose, see Aetna Life Ins. Co. v. Alla Medical Services, Inc., 855 F.2d 1470, 1476 (9th Cir.1988) (whether filing is made for improper purpose must be assessed in context of the pattern of litigation).
On the basis of this evidence, the bankruptcy court was within its discretion in concluding that the bankruptcy petition was filed for an improper purpose.
Murphy and Stimson failed, even on the sanctions motion, to submit the financial information necessary for the bankruptcy court to determine whether Stimson’s bankruptcy petition “achieve[d] a result consistent with the objectives and purposes of the Code,” Hornwood v. Sylmar Plaza (In re Sylmar Plaza), 314 F.3d 1070, 1074 (9th Cir.2002). Murphy therefore cannot now quibble with the bankruptcy court’s further conclusion that the petition was frivolous.
4. The amount of the sanction award was not excessive. The bankruptcy court thoroughly reviewed Amusement’s request for attorneys’ fees and costs, and awarded only that amount which it determined was reasonably and actually incurred as a result of Murphy’s litigation tactics.
5. For the reasons state, the bankruptcy court’s sanction award is AFFIRMED. Amusement’s request for additional sanctions on appeal, pursuant to Cir. R. 30-2(d) is DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.