[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15271
Non-Argument Calendar

_____

D. C. Docket No. 05-00094-CV-1-SPM-AK

WATSON CONSTRUCTION COMPANY,

Plaintiff-Appellee,

versus

CITY OF GAINESVILLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(November 28, 2007)**

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

The City of Gainesville appeals following the district court's denial of its

motions for fees and sanctions against Watson Construction Company. The City argues the district court abused its discretion in two respects, first, in denying attorney's fees and costs pursuant to 42 U.S.C. § 1988, and second, in denying sanctions against Watson and its attorneys under Federal Rule of Civil Procedure 11. After review and oral argument, we affirm the district court's order.

First, as the prevailing party on summary judgment, the City argues the district court should not have denied attorney's fees and costs. We review rulings on fees and costs under 42 U.S.C. § 1988 for abuse of discretion. *Reeves v. Harrell*, 791 F.2d 1481, 1483 (11th Cir. 1986).

A district court has the discretion to award fees to a prevailing defendant in a § 1983 action upon finding the lawsuit was "frivolous, unreasonable, or without foundation." *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985) (citing *Hughes v. Rowe*, 101 S. Ct. 173, 178–79 (1980); *Christiansburg Garment Co. v. E.E.O.C.*, 98 S. Ct. 694, 700 (1978)). The standard is objective: an action may be deemed frivolous "even though not brought in subjective bad faith." *Christiansburg*, 98 S. Ct. at 700.

The central question is "whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately unsuccessful." *Sullivan*, 773 F.2d at 1189 (quoting *Jones v. Texas Tech Univ.*, 656

2

F.2d 1137, 1145 (5th Cir. 1981)).  This Circuit has identified three non-exhaustive factors it considers important in determining whether a claim is frivolous: "(1) whether the plaintiff established a prima facie case;  (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits."  *Id.*  "While these general guidelines can be discerned from the case law, they are general guidelines only, not hard and fast rules.  Determinations regarding frivolity are to be made on a case-by-case basis."  *Id.*

We are convinced the district court did not abuse its discretion because it applied the appropriate objective standard, considered relevant facts, and concluded Watson's case, while weak, was not groundless.  In considering the factual underpinning of Watson's claim, the district court first cited, as an example, findings in an earlier state court proceeding that Watson had a reasonable likelihood of success in showing the moratorium at issue in the instant case targeted Watson's proposed plant.  The district court also considered its own findings, weighing the validity of Watson's asserted property right, the circumstances surrounding Watson's contract negotiations with Yelvington, and noting Watson lost out on the property that was subject to the moratorium.  Further, the district court made general reference to the findings from its earlier

3

summary judgment order, and it made specific reference to evidence it considered indicative of the City's hostility toward the Watson project. Viewing these findings in light of land-use issues that the district court considered legally sophisticated, it concluded Watson's weak claims were not "groundless or without foundation." *See Sullivan*, 773 F.2d 1189.

Although the parties dispute the extent to which the *Sullivan* factors were satisfied, these factors are intended only as guidelines. We are satisfied the district court properly conducted its analysis and did not abuse its discretion by choosing to deny the City's motion for fees and costs.

Second, the City argues Rule 11 sanctions should have been imposed against Watson and its attorneys. We review rulings on Rule 11 sanctions for abuse of discretion. *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1421 (11th Cir. 1996).

A district court may impose Rule 11 sanctions when a party submits a paper that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) is filed in bad faith for an improper purpose. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). "Although sanctions are warranted when the claimant exhibits a deliberate indifference to obvious facts, they are not warranted when the claimant's evidence

is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted).

In this case, the district court did not find Watson's claims lacked a factual basis or were based on a legal theory with no chance of success. A review of the underlying finding of facts from the district court's summary judgment order reveals some support for this conclusion. Specifically, the district court did find that Watson possessed a contract right that expired during the moratorium. A review of the legal claims asserted by Watson throughout the proceedings does reveal unsupported and weak arguments. Sanctions, however, are a matter that rests soundly in the district court's discretion. Thus, we cannot conclude the district court abused that discretion by deciding not to impose sanctions.

Ultimately, the district court concluded Watson did not exhibit a deliberate indifference to obvious facts, and sanctions were not warranted merely because Watson's claims were weak. The district court did not abuse its discretion by denying the motion for Rule 11 sanctions.

**AFFIRMED**[1]

---

[1] All pending motions are denied.