**In re TALISMAN MARINA, INC., Debtor(s).**

**No. 9:07–bk–08435–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Sept. 3, 2008.

John F. Panzarella, Richard J. McIntyre, McIntyre, Panzarella, Thanasides & Eleff, Temple Terrace, FL, for Debtors.

### ORDER DENYING MOTION BY THACKERS, ET AL. FOR SANCTIONS

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this dismissed Chapter 11 case of Talisman Marina, Inc. (Debtor), is a Motion by Thackers, et. al., for Sanctions (Movants)(Doc. No.80). The Motion is filed by the Movants who contend that sanctions should be imposed against the Debtor, the Debtor's president, Kerry H. Keathley, Richard J. McIntyre (McIntyre) and the McIntyre Law Firm, P.L., (the Firm) (Respondents) pursuant to Fed. R. Bankr.P. 9011 as well as under Section 105 of the Bankruptcy Code. This controversy involves the Debtor's Chapter 11 Petition for Relief, which was filed on September 17, 2007, and signed by Kerry H. Keathley (K.Keathley) as President of the Debtor. The Movants allege that the basis for an award of sanctions is the signing, filing, and advocating the Chapter 11 Petition in this case, the filing of which has already been found by this Court to have been wholly unjustified and in bad faith. The Movants argue that this Court's findings in the Dismissal Order clearly establish that the filing of the Petition was for an "improper purpose" including "unnecessary delay" or "needless increase in the cost of litigation," with respect to the Thackers and Heartstone Litigations.

In response, the Respondents assert that a determination by this Court that the underlying bankruptcy case be dismissed pursuant to 11 U.S.C. § 1112(b) does not *per se* warrant sanctions against McIntrye or the Firm.

### Historical Background of the Relevant Matters Pending Before this Court

The voluntary Chapter 11 Petition of the Debtor was filed on September 14, 2007. Shortly after filing the Petition for Relief, the Debtor removed two pending state court lawsuits to the District Court. In the Heartstone lawsuit, the Debtor was the plaintiff, while in the Thacker lawsuit, the Debtor, the Debtor's principals and other individuals were defendants. Eventually, these suits were transferred to this Court and later remanded back to the state court.

On October 3, 2007, Talisman Marina, Inc., filed a Complaint naming Heartstone Developers, LLC. (Heartstone), as the Defendant. (Adversary Proceeding 9:07–ap–00513–ALP). After the filing of the Bankruptcy Petition, this Court held a Chapter 11 status conference on October 4, 2007. At this conference, McIntyre asserted that litigation was not the purpose of the filing, and the key thing he hoped to accomplish was to wrap up the affairs of the company and distribute the assets, first to the creditors and then to equity.

On November 2, 2007, the U.S. Trustee conducted a Section 341 meeting of creditors, and K. Keathley testified on behalf of the Debtor. When asked about the purpose of the bankruptcy, K. Keathley stated that it was to "liquidate the estate and satisfy the liabilities to creditors and move on." (341 transcript at page 9, lines 18–19). On November 9, 2007, McIntyre filed a motion on behalf of the Debtor seeking permission to sell property of the estate (Doc. No. 48). On November 21, 2007, Heartstone filed its Motion to Remand and/or for Mandatory Abstention (Doc. No. 26).

On November 30, 2007, this Court conducted a continued status conference as well as a hearing on the Sale Motion. McIntyre requested that the Sale Motion be continued so he could file amendments to the Sale Motion. On December 13, 2007, this Court heard argument on Heartstone's Motion for Remand and/or Mandatory Abstention (Doc. No. 14). On February 15, 2008, this Court entered its Order Granting Heartstone's Motion to Remand and/or For Mandatory Abstention and remanded the Complaint filed by Talisman Marina to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida. (Doc. No. 32).

On March 14, 2008, the Thackers filed their Motion to Dismiss Chapter 11 Case (Doc. No. 69). On April 10, 2008, this Court entered its Order granting the Thackers' Motion to Dismiss (Doc. No. 78). In their Motion to Dismiss, Plaintiffs alleged that dismissal was appropriate pursuant to Section 1112(b) of the Bankruptcy Code because the Chapter 11 Petition was filed in "bad faith" as a litigation tactic and because there was no reasonable likelihood of rehabilitation in a reasonable time. In the Dismissal Order, this Court found that "... it is clear that the Debtor's presence in Chapter 11 is wholly unjustified and filed solely for the purpose of avoiding the State Court litigation pending between Thacker and Heartstone and that there is no reasonable possibility of successful reorganization in reasonable time." (Dismissal Order at Pg. 9).

Fed. R. Bankr.P. 9011(b) provides, among other things, that the signature of an attorney on "every petition, pleading, written motion, [or] other paper" filed with the court constitutes an implicit certification that to the best of his knowledge, information and belief, "formed after reasonable inquiry," the filing "... (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" or that (2) "the claims" or "other legal contentions" in the petition "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; ..."

Rule 9011(c)(1) requires that the motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. Rule 9011(c)(1)(A) provides an exception to this time frame where the sanctionable conduct "is the filing of a petition in violation of

subdivision (b)" of Rule 9011. *In re Silberkraus*, 336 F.3d 864, 868 (9th Cir.2003); *In re Stimson & Gale Entertainment, Inc.*, 61 Fed.Appx. 346, 347 (9th Cir.2003).

■ Pursuant to Rule 9011(c)(2), sanctions may be imposed against "the attorney, law firms or parties that have violated [Rule 9011(b) ] or are responsible for the violation." Pursuant to Rule 9011(c)(2), the sanctions which may be awarded include "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation" of rule 9011(b). Pursuant to Rule 9011, sanctions may be imposed for both filing pleadings and later advocating positions taken that are without evidentiary support. *Turner v. Sungard Bus. Systems, Inc.*, 91 F.3d 1418, 1421 (11th Cir.1996).

■ In addition to imposing sanctions under Rule 9011, this Court has the authority to impose sanctions under Section 105 of the Bankruptcy Code when necessary to address wrongful conduct including the prevention of an abuse of process and to redress Rule 9011 violations as well as bad faith and unreasonable, vexatious litigation. *See, In re Evergreen Security, Ltd.*, 384 B.R. 882, 932 (Bankr.M.D.Fla. 2008). Sanctions are warranted in two specific circumstances: 1) when the papers signed by the attorney are frivolous, legally unreasonable, or lacking in factual foundation, or 2) when the pleading is filed for an improper purpose. Fed. R. Bankr.P. 9011(b)(1–2); *In re Mroz*, 65 F.3d 1567, 1572 (11th Cir.1995).

This Court has considered the argument made by the Movants and by the Respondents and is satisfied that sanctions are not appropriate in this case. In order for sanctions to be imposed, Rule 9011 requires a finding by the court that a party made factual contentions to the court without factual support or reasonable belief there would be factual support. Fed. R.Bankr.P. 9011(b)(3). In this case, the Debtor was not a repeat filer, the case was not filed as a result of a two party dispute nor is this case a single asset case. The record is clear that the Debtor filed all of its required schedules, attended the Section 341 meeting of creditors, timely removed both state court actions to this court and filed its motion to sell property free and clear of all claims, liens and encumbrances. The record further supports the Respondents' position in that it was not until this Court entered its Order remanding the two state court actions back to the state court, and denied the Debtor's motion to sell the property, did the Movants file their Motion to Dismiss the Debtor's Chapter 11 case.

As noted above, this Court on April 10, 2008, entered its Order dismissing the Chapter 11 case of the Debtor. However, it was not until May 28, 2008, or approximately eight months after the Debtor filed its voluntary Petition for Relief did the Movants file their Motion for Sanctions, alleging, among other things, that the Respondents had acted in bad faith in signing and filing the Chapter 11 Petition of the Debtor. There is no factual evidence to support the Movants contentions that the Chapter 11 filing of the Debtor was made in violation of Rule 9011(b)(2) at the time it filed its Petition for Relief. The record is clear the Debtor filed its Petition for Relief to quickly and efficiently liquidate the property for the benefit of the creditors and eliminate the Debtor's involvement in any litigation. Therefore, this Court holds that no sanctions should be imposed on the Debtor, the Debtor's president, Kerry H. Keathley, Richard J. McIntyre or the McIntyre Law Firm, P.L., pursuant to Fed. R. Bankr.P. 9011.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion by Thackers, et al, for Sanctions (Doc. No. 80) be, and the same is hereby, denied.