**EISENBERG DEVELOPMENT CORP., et al., Plaintiffs,**

v.

**CITY OF MIAMI BEACH, Defendant.**

**CASE NO.: 13–23620–CIV**

United States District Court,
S.D. Florida,
**Miami Division.**

Signed June 23, 2015

Rod Eisenberg, Miami Beach, FL, pro se.

Jacob T. Cremer, David Smolker, Smolker Bartlett Loeb Hinds & Sheppard, P.A., Tampa, FL, for Plaintiffs.

John Edwin Bergendahl, Law Offices of John E. Bergendahl, Jason Patrick Kairalla, Richard J. Ovelmen, Robert F. Rosenwald, Jr., Carlton Fields Jorden Burt, P.A., Rhonda Lee Montoya, City of Miami Beach, Miami, FL, for Defendant.

### *ORDER*

CECILIA M. ALTONAGA, UNITED STATES DISTRICT JUDGE

THIS CAUSE came before the Court upon Defendant, City of Miami Beach's ("City['s]") Motion for Entitlement to Fees, Costs, and Sanctions ... ("Motion") [ECF No. 189], filed April 15, 2015. Plaintiff, Eisenberg Development Corp. ("EDC"), filed its Response ("EDC Resp.") [ECF No. 200] on May 15, 2015; and Plaintiff, Rod Eisenberg ("Eisenberg"), filed his *pro se*[1] Response ("Eisenberg Resp.") [ECF No. 204] on June 4, 2015. The City filed its Reply on June 15, 2015.

Plaintiffs filed this suit as the last of several actions taken before administrative boards and the state trial and appellate courts to avoid complying with Building and Fire Code requirements their proper-

---

**1.** According to the City, Eisenberg has a law degree. (*See* City of Miami Beach's Reply in Support of its Motion ... ("Reply") [ECF No. 205] 5).

ty, the Sadigo Court Apartment Hotel ("Sadigo"), install fire sprinklers before operating as a hotel. The bases for the Court's subject matter jurisdiction were purported Equal Protection, First Amendment, and Due Process claims Plaintiffs creatively presented following their unsuccessful odyssey through the many administrative boards and state courts. Plaintiffs were equally unsuccessful here. The City now seeks recovery of its fees and costs incurred in the defense of what it has always described as a frivolous suit,[2] pursuant to 28 U.S.C. section 1988, Federal Rule of Civil Procedure 11, and the Court's inherent authority and/or 28 U.S.C. section 1927. (*See* Mot. 1). The Court agrees the City is entitled to the recovery of its fees and costs for the reasons explained below.

## I. BACKGROUND

The Court will attempt to expend as little judicial labor as possible recounting, one more time, the baseless claims raised by Plaintiffs in this suit. The Court will assume the reader is familiar with the pleadings, the court file, and the parties' positions. The Court similarly assumes the reader is familiar with the several substantive orders entered addressing Plaintiffs' claims at the motion to dismiss stage, judgment on the pleadings stage, and at summary judgment. Nevertheless, a brief background is provided.

By Order dated March 3, 2014 ("Mar. 3 Order") [ECF No. 36], the Court granted in part and denied in part the City's Motion to Dismiss [ECF No. 16]. Of the seven-count Complaint, the Court dismissed Counts I, V, VI and VII for failure to state claims for relief. The City thereafter filed its Motion for Judgment on the Pleadings [ECF No. 52] seeking judgment as to Count II (First Amendment retaliation), and Counts III and IV (Due Pro-

cess). In its vigorous defense, the City also filed a Motion for Fees and Sanctions ... [ECF No. 68] pursuant to Rule 11, 28 U.S.C. section 1927, and the Court's inherent authority. The Court denied that motion [ECF No. 70], advising the City to renew it if appropriate after a successful ruling on the Motion for Judgment on the Pleadings. By Order dated September 19, 2014 ("Sept. 19 Order") [ECF No. 97], the Court entered judgment on the pleadings as to Counts III and IV of Plaintiffs' Complaint, but denied it as to Count II. Finally, by Order dated December 16, 2014 ("Dec. 16 Order") [ECF No. 172], the Court granted the City's Motion for Summary Judgment [ECF No. 108] and entered a Final Judgment [ECF No. 173] against Plaintiffs.

## II. LEGAL STANDARDS

The City seeks fees under any of several statutes and rules. First, "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983 ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988(b) (alterations added). A court may award fees to a prevailing defendant in a Title VII case upon finding "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir.1996) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). In doing so, the court "must examine (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* (footnote call

---

**2.** As its first response to the Complaint [ECF No. 1] on November 22, 2013, the City filed a

Motion to Dismiss or Strike Plaintiffs' Complaint [ECF No. 16] as a "sham" pleading.

number omitted; citing *Sullivan v. School Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir.1985)).

 The Court's inherent authority also provides a basis for an award of fees. To assess fees under its inherent authority, the court must find a party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NAS-CO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotation marks and citations omitted). "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir.1998) (citation omitted). Bad faith is shown "where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir.1997)).

 Under 28 U.S.C. section 1927, "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* (alteration added). Counsel's conduct must be "tantamount to bad faith." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991) (citation omitted). To satisfy section 1927, the movant must show the culpable attorney engaged in unreasonable and vexatious conduct that multiplied the proceedings, and the amount of the sanction must bear a financial nexus to the excess proceedings. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997) (quoting 28 U.S.C. § 1927).

 Last, "Rule 11 sanctions are proper: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Lee v. Mid–State Land & Timber Co.*, 285 Fed.Appx. 601, 608 (11th Cir.2008) (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.1996)). The court "must first determine whether the claims raised are objectively frivolous and, if they are, whether the signer of the pleadings should have been aware of their frivolous nature." *Id.* (citing *Worldwide Primates, Inc.*, 87 F.3d at 1254).

## III. DISCUSSION

Fees are warranted under any or all of the above theories. The Court addresses each of the claims raised in the Complaint in turn, showing why the City has more than established its entitlement to the recovery of fees and costs.

### A. Count I—Equal Protection

 In Count I of their Complaint, Plaintiffs brought a class-of-one Equal Protection claim that the Court dismissed based on clear Eleventh Circuit precedent. (*See* Mar. 3 Order, 13–18). *See also Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1307 (11th Cir. 2009) ("To prove a 'class of one' claim, the plaintiff must show (1) that he was treated differently from other similarly situated individuals, and (2) that the defendant unequally applied a facially neutral [regulation] for the purpose of discriminating against him." (alteration added; citation omitted)). Plaintiffs now insist their Equal Protection claim was not frivolous because they cited persuasive authority from another circuit suggesting it was not necessary to plead the existence of a comparator in a class of one equal protection claim. (*See* EDC Resp. 9). This argument is unavailing, as the Eleventh Circuit

rigorously applies the "similarly situated" requirement in class of one claims. (*See* Mar. 3 Order, 14 (citations omitted)).

Plaintiffs further argue despite their failure to identify comparators, several do exist but were not included in their pleading because of their previous attorneys' failure to do so. (*See* EDC Resp. 6–7; Eisenberg Resp. 5–6). This argument fails for two reasons. First, as the City notes (*see* Reply 7), in determining whether to impose fees under section 1988, a court "should not consider the plaintiff's counsel's role in filing or maintenance of a frivolous, groundless, or unreasonable claim, or the plaintiff's apparent lack of personal fault." *Baker v. Alderman*, 158 F.3d 516, 527 (11th Cir.1998) (footnote call number and citations omitted). Second, and more importantly, Plaintiffs offer no proof any of the properties listed in their Responses are "similarly situated" to the Sadigo; indeed, many of the properties are not in fact similarly situated (*see* [ECF No. 204–1] at 36–38; [ECF No. 204–2] at 1).

Plaintiffs prosecuted their Equal Protection claim without any factual basis and in contravention of controlling law. The City is entitled to recover its fees in having had to defend this groundless claim.

## B. Count II—First Amendment Retaliation

This claim withstood the City's motions predicated upon the pleading alone on the factual allegations (1) the City told Plaintiffs' mortgagee the Sadigo was operating illegally; and (2) Plaintiffs refused to pay the City a bribe, resulting in Eisenberg's arrest during a City shutdown of the Sadigo. These allegations were proven to be false during discovery. Discovery showed the lender was well aware of the issues surrounding the unlawful hotel operations of the Sadigo through Plaintiffs' very own correspondence with the lender, and the City employee who alleg-edly solicited a bribe from Eisenberg was away on vacation at the time the attempted bribe was communicated. This claim survived until Summary Judgment, wherein the Court found Plaintiffs had failed to show any evidence of a policy or custom of retaliation for engaging in protected speech. (*See* Dec. 16 Order, 9). Plaintiffs are responsible for the City's fees under these circumstances. *See Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir.2003) (reversing denial of attorneys' fees under section 1988 where plaintiff brought First Amendment retaliation claim but failed to allege a discriminatory custom or policy under *Monell* ); *Torres v. City of Orlando*, 264 F.Supp.2d 1046, 1052 (M.D.Fla.2003) (granting fees under section 1988 because "[p]laintiff's case was factually and legally groundless at the outset" (alteration added; footnote call number omitted)).

## C. Counts III and IV—Due Process Claims

Plaintiffs' Due Process claims survived on the basis of the same two false factual allegations noted above. (*See* Mar. 3 Order, 25 ("Based on these allegations, it is plausible the City's actions were undertaken with an improper motive and were an abuse of discretion.")). Yet, judgment on the pleadings was later entered on these claims given the City's enforcement did not affect the general population. (*See* Sept. 19 Order, 15–20). As with Count II, Counts III and IV were founded on false allegations, and the City is entitled to the fees and costs incurred in having had to defend them.

## D. Counts V, VI, and VII—State Law and Declaratory Judgment Claims

Counts V and VI raised frivolous state law claims the Court dismissed. (*See* Mar. 3 Order). The Court dismissed the claims on the basis of the state statutes

**1382**

Plaintiffs purported to rely upon, based on the plain language of those statutes. (*See id.* 26–30). The Court does not repeat the pertinent discussion here. Suffice it to say, nothing Plaintiffs state in their present Responses persuades the Court the state-law claims were not patently frivolous.

 Count VII sought a "declaratory judgment construing the parties' rights and obligations. (Compl.¶¶ 111–19). The Court dismissed this last count, stating the "equitable relief Plaintiffs seek is a remedy, not a separate cause of action." (Mar. 3 Order, 31 (citing cases)). Plaintiffs offer no argument regarding the merits of this claim.

## IV. CONCLUSION

The fire sprinklers the City has been demanding of the Sadigo would have cost between $20,000 and $100,000. (*See* Mot. 5, n.7). The Sadigo operated in unlawful, sprinklerless hotel operations throughout most of this litigation. The City repeatedly placed Plaintiffs on notice of the groundless and frivolous claims they were advancing in this federal lawsuit, even filing the motion for Rule 11 sanctions while the Motion for Judgment on the Pleadings was pending. All of Plaintiffs' claims lacked merit or foundation; the City informed Plaintiffs of the fatal defects in all of the claims and early sought the recovery of

fees, even requesting a status conference [3] with the Court to orally denounce Plaintiffs' non-compliance with fire sprinkler safety requirements; and patiently, but at great expense, obtained dismissal of the case prior to trial. All of Plaintiffs' federal claims—"federalized" on the basis of unsupported constitutional violations, and state claims—founded upon clearly inapplicable statutes, were patently frivolous and brought in bad faith.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion [**ECF No. 189**] is **GRANTED**. The City is instructed to confer with Plaintiffs as to each category of fees and costs it is seeking to recover, in an attempt to reach agreement. Should the parties fail to agree, the City is instructed to submit a memorandum of law—not an additional motion—describing the fees and costs incurred. Plaintiffs shall have the time permitted under the Rules to respond, following which the City may file a reply. The Court will thereupon set the matter for a hearing to address, entry by entry, the disputed fees and costs and announce the amount of the City's recovery.

**DONE AND ORDERED.**

---

**3.** The City filed an Unopposed Motion for Status Conference [ECF No. 72], to address enforcement actions by the City Fire Department in response to ongoing life-safety issues at the Sadigo, as well as overly burdensome discovery sought by Plaintiffs. The hearing was conducted on July 21, 2014 [ECF No. 75].