[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 14-12849
Non-Argument Calendar

————————————————

D.C. Docket No. 0:13-cv-62008-JIC

DWAIN A. HAMILTON, M.D.,

Plaintiff-Appellant,

versus

SHERIDAN HEALTHCORP INC.,
a Florida Corporation,
SHERIDAN HEALTHCARE CORPORATION,
JOSEPH LOSKOVE, M.D.,
JEAN MILES, M.D.,

Defendants-Appellees,

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(March 3, 2015)

Before WILSON, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Dwain A. Hamilton, M.D., an African-American male, appeals the district court's order granting summary judgment in favor of defendants Sheridan Healthcorp, Inc. and Sheridan Healthcare Corp. (collectively, Sheridan), Dr. Joseph Loskove, and Dr. Jean Miles, in an action alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a); 42 U.S.C. § 1981; and the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. § 760.01 et seq.  Dr. Hamilton raises three arguments on appeal.  First, he argues that he presented sufficient circumstantial evidence of the discriminatory intent of the decision-makers involved in his transfer and termination, so as to preclude summary judgment on his disparate-treatment claims.  Second, Dr. Hamilton contends that he also submitted sufficient evidence to show that the defendants' stated reason for firing him was pretextual, so as to preclude summary judgment on his retaliation claims.  Finally, he challenges the district court's order granting the defendants' motion to strike his demand for a jury trial.  Upon careful review of the record and the parties' briefs, we affirm.

## I.

We review a district court order granting summary judgment de novo. *Brooks v. Cnty. Comm'n*, 446 F.3d 1160, 1161–62 (11th Cir. 2006).  Summary judgment is appropriate when there is no genuine issue as to any material fact and

2

the moving party is entitled to judgment as a matter of law, viewing all of the facts in the record in the light most favorable to the non-moving party.  *Id.* at 1162; *see also* Fed. R. Civ. P. 56(a).  "A genuine factual dispute exists if the jury could return a verdict for the non-moving party." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004) (internal quotation marks omitted).

"The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56.  "The burden then shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Jones*, 683 F.3d at 1292 (internal quotation marks omitted).  "The non-moving party does not satisfy its burden if the rebuttal evidence is merely colorable, or is not significantly probative of a disputed fact." *Id.* (internal quotation marks omitted).

Title VII makes it unlawful for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of his race.  42 U.S.C.

§ 2000e-2(a)(1).  The elements of a 42 U.S.C. § 1981 race-discrimination claim are the same as a Title VII disparate-treatment claim and therefore need not be analyzed separately.  *See Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 843 n.11 (11th Cir. 2000).  Decisions construing Title VII similarly are applicable when considering claims brought under the FCRA, which was patterned after Title VII.  *See* Fla. Stat. § 760.10(7); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387, 1389–90 (11th Cir. 1998).  A plaintiff establishes a prima facie case of discrimination through circumstantial evidence by showing that: "(1) [he] is a member of a protected class; (2) [he] was subjected to an adverse employment action; (3) [his] employer treated similarly situated . . . employees [outside of his class] more favorably; and (4) [he] was qualified to do the job."[1] *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (internal quotation marks omitted).

In a case alleging discriminatory discipline, establishing the third element requires showing that a similarly situated employee engaged in the same or similar misconduct but did not receive similar discipline.  *See Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999).  "We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts

---

[1] Dr. Hamilton has raised no argument on appeal as to direct evidence of discrimination. *See McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (explaining that the four-element prima facie case applies in cases concerning circumstantial, rather than direct, evidence of discrimination).

from second-guessing employers' reasonable decisions . . . ." *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999).

Nevertheless, a "failure to produce a comparator does not necessarily doom the plaintiff's case." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

> Rather, the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent. A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.

*Id.* (citations and internal quotation marks omitted).

Dr. Hamilton has identified no comparators with respect to his transfer to the day shift or his termination, *see Burke-Fowler v. Orange Cnty.*, 447 F.3d 1319, 1323–25 (11th Cir. 2006) (per curiam), and he has submitted insufficient circumstantial evidence of discriminatory intent to defeat summary judgment, *see Smith*, 644 F.3d at 1328. Dr. Loskove's statement that he lacked confidence that Dr. Hamilton could be "the face of the department at night" does not support a reasonable inference of discriminatory intent, given the evidence of Dr. Hamilton's multiple performance issues, which included delaying a life-saving emergency surgery and a post-operative nerve block; failing to comply with various corporate and departmental requirements; numerous instances of failing to complete charts; and lying about his failure to pass a required certification exam. Dr. Hamilton

does not point to any relevant factors that would lead us to conclude that Dr. Loskove intended the seemingly racially benign phrase, which came during a meeting meant to address Dr. Hamilton's performance issues, to convey any discriminatory meaning.  *See Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456, 126 S. Ct. 1195, 1197 (2006) (per curiam) ("The speaker's meaning may depend on various factors including context, inflection, tone of voice, local custom, and historical usage.").  Nor does the record support Dr. Hamilton's claims that Dr. Miles "frequently" criticized him for calling in additional anesthesiologists, or that a white physician—Dr. Shimon Carmel—engaged in similar conduct with dissimilar consequences.  Finally, Dr. Hamilton has failed to elaborate upon his conclusory assertion that discriminatory intent may be inferred from Sheridan's reason for firing him.  Accordingly, he has failed to show that the district court erred when it granted summary judgment to the defendants on his discrimination claims.

## II.

Title VII, § 1981, and the FCRA prohibit retaliation by an employer against an individual because he has (a) opposed any practice prohibited by Title VII or (b) made a charge of discrimination or participated in a discrimination investigation or proceeding under Title VII.  *See* 42 U.S.C. § 2000e-3(a); Fla. Stat. § 760.10(7); *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir.

6

2000); *see also Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1212–13 (11th Cir. 2008) (noting that the elements of a retaliation claim are the same under § 1981 and Title VII); *Harper*, 139 F.3d at 1389–90 (concluding that, because the plaintiffs had not made out a retaliation claim under Title VII, the district court also correctly dismissed their FCRA retaliation claim).  A prima facie case of retaliation under Title VII requires the plaintiff to show that: "(1) [he] engaged in statutorily protected activity; (2) [he] suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action."  *Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 2000e-3(a).  A complaint about an employment practice constitutes protected opposition only if the individual explicitly or implicitly communicates a belief that the practice constitutes unlawful employment discrimination.  EEOC Compliance Manual § 8-II(B)(2) (1998), *available at* http://www.eeoc.gov/laws/guidance/compliance.cfm; *see also Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 399, 128 S. Ct. 1147, 1156 (2008) (stating that the EEOC Manual reflects "a body of experience and informed judgment to which courts and litigants may properly resort for guidance" (internal quotation marks omitted)).

   "[W]e may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly

7

contradicted by deposition testimony." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) (per curiam).  Unless a party can adequately explain such a change in his story from previous testimony, we will not credit the new story.  *Id.*

Dr. Hamilton has pointed to no evidence showing that he engaged in protected activities before his termination.  Before he was fired, Dr. Hamilton did not make a charge of discrimination or participate in an investigation or proceeding under Title VII.  *See Total Sys. Servs., Inc.*, 221 F.3d at 1174–75.  Nor did he communicate a belief that his transfer to the day shift constituted unlawful employment discrimination.  *See* EEOC Compliance Manual § 8-II(B)(2).  Notably, Dr. Hamilton testified in his deposition that he neither said that he thought he was being moved because of his race when he was told of his transfer on April 26, 2012, nor complained to Sheridan's management or human resources personnel that he had been transferred because of his race.  Without further explanation, Dr. Hamilton's later statement in his affidavit—that he told Dr. Loskove on April 26 that his move to the day shift was unfair based on the performance of white anesthesiologists—is insufficient to create an issue of fact, as it directly contradicts his prior testimony that he did not refer to race during or after the April 26 meeting.  *See McCormick*, 333 F.3d at 1240 n.7.  Consequently, the

8

district court did not err when it granted summary judgment to the defendants on

Dr. Hamilton's retaliation claims.

## III.

Because the district court properly granted summary judgment to the

defendants, its ruling on Dr. Hamilton's jury-trial demand is moot.  *Cf. LaMarca v.*

*Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993) (stating that an unconstitutional

denial of a jury trial warrants reversal unless the error was harmless).  Accordingly,

we affirm the district court's grant of summary judgment to the defendants.

**AFFIRMED.**