[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10667

_____

D.C. Docket No. 0:13-cv-62008-JIC


DR. DWAIN A. HAMILTON, M.D.,

                                                    Plaintiff - Appellant,

versus

SHERIDAN HEALTHCORP, INC.,
a Florida corporation,
SHERIDAN HEALTHCARE CORPORATION,
DR. JOSEPH LOSKOVE, M.D.,
DR. JEAN MILES, M.D.,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 21, 2017)

Before MARCUS, JILL PRYOR, and SILER,[*] Circuit Judges.

PER CURIAM:

This employment discrimination lawsuit is back before us for the second time. In the first appeal, we affirmed the district court's entry of summary judgment, concluding that Dr. Dwain Hamilton had failed to establish a prima facie case as to any of his claims. Hamilton v. Sheridan Healthcorp Inc., 602 F. App'x 485 (11th Cir. 2015) ("Hamilton I"). Dr. Hamilton now appeals the district court's award of $235,249.80 in attorney's fees to Sheridan Healthcorp., Inc., Sheridan Healthcare Corp., Dr. Joseph Loskove, and Dr. Jean Miles (collectively, "the defendants"). Dr. Hamilton argues that the district court erred in awarding fees because his claims were not "frivolous, unreasonable, or groundless." See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). Dr. Hamilton also contends that the district court abused its discretion by not sanctioning the defendants' failure to comply with the local rules regarding motions for attorney fees and by failing to hold an evidentiary hearing as to the amount of fees to be awarded. With the benefit of oral argument, we affirm.

I.

We review an award of fees for abuse of discretion. Turner v. Sungard Bus. Sys., Inc., 91 F.3d 1418, 1422 (11th Cir. 1996). A district court abuses its

---

[*] Honorable Eugene Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

discretion when it "commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact." Yellow Pages Photos, Inc. v. Ziplocal, LP, 846 F.3d 1159, 1163 (11th Cir. 2017).

In civil rights cases, a district court may award attorney's fees to the prevailing defendant -- even in the absence of bad faith -- if the court "finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg, 434 U.S. at 422.[1]  This is "a more stringent standard" than that which applies when fees are sought by the prevailing plaintiff. Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995). As the Supreme Court has cautioned:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims . . . .  Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg, 434 U.S. at 421–22.

In determining whether a claim was frivolous, we view the evidence in the light most favorable to the non-prevailing plaintiff. Cordoba v. Dillard's, Inc., 419

---

[1] Christiansburg is a Title VII case, but the same standard governs the fee provisions that apply to Dr. Hamilton's § 1981 and Florida Civil Rights Act claims. See, e.g., Hughes v. Rowe, 449 U.S. 5, 14–15 (1980) (applying Christiansburg to fee requests under 42 U.S.C. § 1988); Fla. Stat. § 760.11(5) (providing that the attorney's fees provision should be interpreted in a manner consistent with federal case law involving Title VII).

F.3d 1169, 1179 (11th Cir. 2005).  We have identified three factors district courts should consider in determining frivolity:  "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan v. Sch. Bd. of Pinellas Cty., 773 F.2d 1182, 1189 (11th Cir. 1985).

No one factor is dispositive.  Even if all the factors point toward awarding fees, the court must still consider the case as a whole and determine whether the claim was "entirely without foundation."  Cordoba, 419 F.3d at 1182 (quotation omitted).  As we have explained, a claim is not frivolous when it is "meritorious enough to receive careful attention and review."  Busby v. City of Orlando, 931 F.2d 764, 787 (11th Cir. 1991).

In this case, the district court determined that all three Sullivan factors weighed in favor of granting fees.  We agree.  As to the first factor, we already rejected Dr. Hamilton's prior appeal on grounds that he failed to establish a prima facie case on any of his claims.  Hamilton I, 602 F. App'x at 488–89.  The other two factors similarly weigh in favor of awarding fees.  When compared with Dr. Hamilton's demand and the cost of litigation, the defendants made only a nominal

4

settlement offer.[2]  And the district court dismissed the case before trial.

Accordingly, all three of the Sullivan factors weigh in favor of a frivolity finding.

Dr. Hamilton argues that the district court erred in failing to consider the

evidence in the light most favorable to him and instead employed impermissible

hindsight bias in evaluating his claims.  We disagree.  As we explained in rejecting

Dr. Hamilton's discrimination claim in Hamilton I, Dr. Hamilton failed to identify

any comparators that were treated more favorably despite similar conduct.

Hamilton I, 602 F. App'x at 488.  And Dr. Loskove's comment that he lacked

confidence that Dr. Hamilton could be the "the face of the department at night"

requires much too great an inferential leap to constitute direct evidence of

discriminatory intent.  Id.; see also Schoenfeld v. Babbitt, 168 F.3d 1257, 1266

(11th Cir. 1999) ("[D]irect evidence is composed of only the most blatant remarks,

whose intent could be nothing other than to discriminate on the basis of some

impermissible factor.") (quotation omitted).  The inference of discriminatory intent

was especially weak given Dr. Hamilton's disciplinary history which included

"delaying a life-saving emergency surgery and a post-operative nerve block;

failing to comply with various corporate and departmental requirements; numerous

---

[2] At oral argument, Dr. Hamilton's counsel clarified that Dr. Hamilton was not arguing that Sheridan's offer of reinstatement was a settlement offer, only that it should have been considered in evaluating the overall merit to the case.  Regardless, this offer is entitled to little weight in our analysis.  The offer went to great lengths to make clear that it was not contingent on relinquishing any claims and thus was not an offer to settle.  And to the extent Dr. Hamilton argues that this offer casts doubt on Sheridan's stated basis for firing him, we never even get to that point because Dr. Hamilton failed to even make out a prima facie case.

instances of failing to complete charts; and lying about his failure to pass a required certification exam." Hamilton I, 602 F. App'x at 488.  As to his retaliation claim, his evidence was even weaker.  He failed to establish that he ever engaged in protected activity, id. at 489 -- the very first element of a prima facie case on retaliation, see Chapter 7 Trustee v. Gate Gourmet, Inc., 683 F.3d 1249, 1258 (11th Cir. 2012).

Dr. Hamilton also argues that this case was not frivolous because his claims merited careful attention and review.  Again, we disagree.  The district court granted summary judgment on all of Dr. Hamilton's claims nine months after the case was filed, at the first opportunity it had to consider the merits.  The fact that the district court had to adjudicate a few discovery skirmishes along the way does not suggest that the case was meritorious.  This was not a case that merited "careful attention and review."  See Busby, 931 F.2d at 787.

Finally, Dr. Hamilton argues that the district court treated the Sullivan factors as dispositive and failed to assess the case as a whole.  But again he is incorrect.  After correctly determining that each one of the Sullivan factors weighed in favor of a frivolity finding, the district court took a step back, considered the case as a whole, and determined that Dr. Hamilton's claims were "frivolous, unreasonable, or groundless."  Christiansburg, 434 U.S. at 422.  Given

6

the record, we cannot say that the district court abused its discretion in making this determination.

## II.

Dr. Hamilton raises two additional procedural objections to the district court's fee award. First, he argues that the defendants' motion for fees should have been denied because it failed to comply with applicable local rules regarding the supporting documentation required for a fee request. Second, he argues that the district court should have held an evidentiary hearing to resolve disputed issues of fact as to the amount of fees to be awarded. Neither objection has merit.

We give "great deference to a district court's interpretation of its local rules and review a district court's application of local rules for an abuse of discretion." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1302 (11th Cir. 2009) (quotation omitted). Although the applicable Local Rule calls for submissions more detailed than those accompanying the defendants' original motion, the rule does not require the district court to deny out of hand any motion that does not meet the requirements. See generally S.D. Fla. L.R. 7.3. We cannot say the district court abused its discretion in allowing the motion.

Hamilton also claims that the district court should have held an evidentiary hearing to resolve disputed facts as to the reasonableness of the defendants' fee request. An evidentiary hearing is required to resolve disputes of material fact that

cannot be resolved from the record. Love v. Deal, 5 F.3d 1406, 1409 (11th Cir. 1993). Dr. Hamilton, however, is barred from appealing the court's determination because he failed to object to the magistrate judge's report and recommendation determining the fee amount. Parties are barred from challenging the reasonableness of fee determinations on appeal where they "failed to object to those factual findings, despite the notice by the magistrate that such failure would bar them from attacking the findings on appeal." Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Where, as here, the magistrate judge expressly advises the parties of these consequences, we will only reverse for plain error or manifest injustice. Id.

Moreover, no plain error or manifest injustice occurred. It is evident that the magistrate judge carefully reviewed the billing records and adjusted the fees accordingly. Hamilton argues that a hearing was necessary to determine "who did what based on Defendants' excessive redactions" and to sort out duplicative work. But the magistrate judge expressly disallowed certain entries for excessive redaction, block billing, and the clerical nature of certain work. The magistrate judge applied a 40% reduction across the board to account for these problems and the slightly inflated rates at which defense counsel billed. Dr. Hamilton has failed to point to any particular dispute of fact which would have required a hearing to

8

resolve.  He has thus failed to demonstrate plain error or manifest injustice in failing to hold an evidentiary hearing.

### III.

Taking the case as a whole, the district court applied an appropriately stringent standard in awarding fees in this case.  All three of the Sullivan factors weighed solidly in favor of awarding fees.  And considering the case holistically does not reveal any reasoned basis for Dr. Hamilton's claims.  In light of Dr. Hamilton's extensive disciplinary history, lack of any appropriate comparators, and failure to produce competent evidence tying his demotion and termination to race or retaliation, the district court did not abuse its discretion in determining that Dr. Hamilton's action was "frivolous, unreasonable, or groundless." Christiansburg, 434 U.S. at 422.  Accordingly, we affirm.

**AFFIRMED.**